IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN O'TOOLE, DX-1524, )
  Petitioner, )
   )
  v. ) Civil Action No. 05-1365
   )
HARRY WILSON, et al., )
  Respondents. )

Report and Recommendation

I. Recommendation:

 It is respectfully recommended that the petition of Brain O'Toole for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied, as the petition is time barred.

II. Report:

 Brian O'Toole, and inmate at the State Correctional Institution at Fayette has presented a petition for a writ of habeas corpus. O'Toole is presently serving a life sentence imposed following his conviction, by the court of first degree homicide at No. CC 199710578 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1] An appeal was taken to the Superior Court of Pennsylvania which Court affirmed the judgment of sentence on July 20, 2000.[2] Leave to appeal to the Pennsylvania Supreme Court was denied on March 14, 2001.[3]

---

[1] See: Petition at ¶¶ 1-7.

[2] See: Petition at ¶ 10(a), Com. v. O"Toole, 761 A.2d 1237..

[3] See: Petition at ¶ 10(b) where the petitioner mistakenly identifies the year as 2000, Com.v. O"Toole, 565 Pa. 641 (2001).

The petitioner file a post-conviction petition in the Court of Common Pleas on January 7, 2002[4] and that petition was dismissed on December 23, 2003.[5] An appeal was taken to the Superior Court which Court on October 1, 2004 affirmed the denial of relief.[6] Leave to appeal to the Pennsylvania Supreme Court was not sought[7], and the instant petition was executed on September 15, 2005. In the present petition, O'Toole contends he is entitled to relief on the grounds that he was denied the effective assistance of counsel; the trial court erred in failing to suppress his statements and the trial court erred in denying his request for an extension of time to file a statement of matters complained about on appeal.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or

---

[4] Com v. O'Toole, 863 A.2d 1228 (Pa.Super. Oct. 01, 2004).

[5] See: Petition at ¶ 12(a).

[6] Id. at ¶ 12(b).

[7] See: Records of both the Superior and Supreme Courts of Pennsylvania.

other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here.  In the instant case, the Pennsylvania Superior Court affirmed the direct appeal on July 20, 2000 and leave to appeal to the Pennsylvania Supreme Court was denied on March 14, 2001. In Kapral v. United States, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for discretionary review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on June 12, 2001 when the time in which to seek a writ of certiorari in the United States Supreme Court expired .

The petitioner filed a post-conviction petition on January 7, 2002, or almost seven months after he could have done so. That petition was denied and the denial was affirmed on appeal on October 1, 2004. The instant petition was executed on September 15, 2004, or over eleven months after it could have been filed here. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred.

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Thus, the instant petition is time barred.

The petitioner is put on notice of this proposed recommendation and in the objection process can provide the Court with any appropriate response he deems appropriate as mandated by the decision in United States v. Bendolph,      F.3d      (3d.Cir.2005).

3

For this reason, it is recommended that the petition of Brian O'Toole for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/ Robert C. Mitchell
Dated: October 6, 2005                              United States Magistrate Judge

4